Justine Bonner, OSB #183111
Assistant Federal Public Defender
Email: Justine_Bonner@fd.org
101 SW Main Street, Suite 1700
Portland, OR 97204
Tel: (503) 326-2123
Attorney for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SKYLAAR DAYLAN FORD,<br><br>Defendant. | Case Nos. 3:17-cr-00294-AB-1 &<br>3:26-cr-00025-AB-1<br><br>DEFENDANT'S SENTENCING MEMORANDUM |

Defendant, Skylaar Daylan Ford, through his counsel Justine Bonner, respectfully submits this Memorandum for the Court's review and consideration in determining a reasonable sentence that is "sufficient, but not greater than necessary," as required by 18 U.S.C. § 3553(a). A sentencing hearing is currently scheduled for November 23, 2026.

On August 27, 2026, Mr. Ford pleaded guilty to Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(l) and 924(a)(8). Mr. Ford and the government have one unresolved disagreement as to application of the sentencing guidelines. The government believes that Mr. Ford's Base Offense Level should be increased by four levels pursuant to U.S.S.G. 2K2.1(b)(7)(B) because it believes that Mr. Ford possessed the firearm in

connection with another felony offense (distribution and possession with intent to distribute a controlled substance, 21 U.S.C. § 841(a)(1). It does not.

To be subjected to a four-level sentencing enhancement under U.S.S.G. § 2K2.1(b)(6)(B), a defendant must have "used or possessed any firearm or ammunition in connection with another felony offense." In *United States v. Jimison*, 493 F.3d 1148, 1149 (9th Cir. 2007), the Ninth Circuit indicated that in order for this enhancement to apply, the defendant "must have formed a firm intent to use the gun for a felonious purpose." The government has the "burden of producing sufficient evidence that the defendant intended to use or possessed the firearm in connection with a specifically contemplated felony." *United States v. Noster*, 590 F.3d 624, 635 (9th Cir. 2009).

In this case, the government will not meet its burden to prove Mr. Ford had possessed the firearm with a "firm intent" to use it in connection with an intent to distribute the controlled substances found at his residence. The evidence indicates that Mr. Ford did not have the firearm in connection with the drugs found during the search of his residence. PSR ¶ 34.

Mr. Ford requests that the Court impose a sentence of 27 months, followed by supervised release.

Dated: November 18, 2026.

*s/ Justine Bonner*
Justine Bonner, OSB #183111