SCOTT E. BRADFORD, OSB # 062824
United States Attorney
District of Oregon
**SCOTT M. KERIN, OSB # 965128**
Assistant United States Attorney
Scott.Kerin@usdoj.gov
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:26-cr-00025-AB** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **SKYLAAR DAYLAN FORD,** | |
| **Defendant.** | |

The government asks the Court to impose a sentence of 27 months' imprisonment, to be followed by a three-year term of supervised release.

The defendant, while on supervision by U.S. Probation for a prior drug trafficking conviction, unlawfully possessed a "ghost gun" and ammunition. Given the nature of the case, defendant's advisory sentencing guidelines, the danger posed by this unlawful possession of a firearm, his criminal history, and his personal history and characteristics, the government believes the requested sentence is both reasonable and justified.

///

**A. Summary of Proceedings.**

On August 27, 2026, the defendant pled guilty to Count 1 of an Information which charged him with being a Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). The maximum sentence the Court may impose is a term of 15-years' imprisonment, a fine of $250,000, and three years of supervised release. The count of conviction carries a $100 fee assessment. The defendant also admitted that his guilty plea constituted a violation of his federal supervised release in Case Number 3:17-cr-00294-AB.

A Presentence Report (PSR) has been completed. The government has no objection to the facts underlying the defendant's count of conviction (PSR ¶¶ 23 - 27), the Sentencing Guideline calculations (PSR ¶¶ 32 - 42), and defendant's criminal history (PSR ¶¶ 45 - 52).[1]

In his plea agreement defendant admitted that:

> On November 17, 2025, U.S. Probation Officers conducted a search of defendant's residence located in Northwest Portland, Oregon. During the search they located illegal drugs, a loaded Polymer 80, Inc. Model PF940C, 9mm caliber, pistol, with no identifiable serial number, also known as a "Ghost Gun," and 15 Ammo Inc. rounds of 9mm caliber ammunition. The defendant possessed both the firearm and ammunition. A Special Agent from the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) determined that neither the firearm nor ammunition were manufactured within the State of Oregon and thus they had both previously been shipped or transported from one state to another. The ATF Agent also determined that the Polymer 80 firearm and it's frame qualified as a firearm, as defined in 18 U.S.C. § 921(a)(3). Furthermore, at the time the defendant possessed the firearm and ammunition he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year, specifically: Possession with Intent to Distribute a Controlled Substance, on or about July 10, 2019, in the United States

[1] After reviewing the PSR, the case reports, and conversations with counsel the government concurs that there is insufficient evidence to prove that the defendant used or possessed the firearm or ammunition in connection with another felony offense pursuant to USSG § 2K2.1(b)(7)(B). *See* Plea Agreement ¶ 8(B) and PSR ¶ 34.

> District Court for the District of Oregon, Case Number 3:17-cr-00294-BR, and at the time the defendant possessed the firearm and ammunition identified above, he knew he was a prohibited person for having previously been convicted of that felony crime and receiving a sentence in excess of one-year of imprisonment.
>
> In making this admission defendant also admits that this new law violation constitutes a violation of his term of federal supervised release that was originally imposed in Case Number 3:17-cr-00294-BR..

Plea Agreement ¶ 5.

**B. Government's Sentencing Guideline Calculations.**

The Court, "in determining the particular sentence to be imposed," is required to consider the "sentencing range established" by the U.S. Sentencing Guidelines. 18 U.S.C. § 3553(a)(4). "The Guidelines are 'the starting point and the initial benchmark,'. . . and are to be kept in mind throughout the process." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (quoting *Kimbrough v. United States*, 552 U.S. 85, 108 (2007)). "All sentencing proceedings are to begin by determining the applicable Guideline range." *Id.*

**Base Offense Level (20)**

The parties agree that, because the defendant committed the offense subsequent to sustaining one felony conviction for a controlled substance offense, pursuant to USSG § 2K2.1(a)(4)(A), his Base Offense Level is 20. Plea Agreement ¶ 7 and PSR ¶ 32.

**Specific Offense Characteristics: Firearm without a Serial Number (+4)**

Because defendant possessed a firearm that he knew was not marked with a serial number or was willfully blind to or consciously avoided knowledge of such fact, pursuant to USSG § 2K2.1(b)(4), defendant agrees that his Base Offense Level should be increased by four (4) levels. Plea Agreement ¶ 8(a) and PSR ¶ 33.

**Acceptance of Responsibility (-3)**

Based upon defendant's guilty plea and acceptance of responsibility, pursuant to USSG § 3E1.1, the parties ask that the Court grant the defendant a three-level reduction in his offense level. Plea Agreement ¶ 10 and PSR ¶¶ 40 - 41.

**3553(a) Variance (-2)**

Pursuant to 18 U.S.C. § 3553(a), based upon the nature of the offense, the history and characteristics of the defendant, defendant's indication at an early stage in the proceedings about his desire to resolve his case, how similarly situated defendants have been handled by the USAO and the courts, and to achieve a fair and just resolution of the case, the government will recommend that the Court to grant the defendant a two-level downward variance in his overall offense level. Plea Agreement ¶ 11. The U.S. Probation Office has also recommended a similar downward variance. *See* PSR Recommended Sentence, at *1.

With the government's initial two-level downward variance, pursuant to 3553(a), we believe defendant's Adjusted Offense Level would be 19, and with a Criminal History Category of III, his advisory sentencing guideline range is between 37 to 46 months' imprisonment.

**C. Government's Recommended Sentence.**

Pursuant to 18 U.S.C. § 3553(a), and incorporating the additional sentencing materials that have been submitted to the Court by the parties, we ask the Court to impose a sentence of 27 months' imprisonment, to be followed by a three-year term of supervised release.

The defendant also has a pending Supervised Release violation in Case Number 3:17-cr-00294-AB. Since that matter involves a violation of the Court's trust and it's supervision, the government will defer to the Court on the appropriate resolution of that matter.

Anytime a felon possesses a firearm there is a heightened risk to the community. Congress specifically restricted felons from possessing firearms for that very reason. Furthermore, anytime a felon who is also abusing drugs possesses a firearm there is an even greater risk – both to the community and the individual.

While on supervision the defendant has had both successes and shortcomings. *See* PSR ¶ 49. Many of the shortcomings appear related to his drug relapse. Despite the assistance of U.S. Probation and his completion of inpatient treatment, the defendant relapsed and once again began abusing drugs. He has actively attempted to deceive his probation officer and willfully disregarded their instructions. During a home visit he was also found in possession of a firearm, ammunition, and drugs. Ultimately, through both a combination of criminal acts, attempts at deception, mental health issues, and his drug use the defendant has ended up back in court. His conduct warrants and requires a custodial prison sentence. At the same time we hope the defendant, after being released from custody, can start anew and successfully engage with the U.S. Probation Office when he returns to supervision.

Accordingly, on the new criminal case, after evaluating the competing sentencing factors outlined in 18 U.S.C. § 3553(a) which include the nature and circumstances of the offense; the defendant's characteristics; the need for the sentence imposed to reflect the seriousness of the offense; the need for the sentence to promote respect for the law; the need for the sentence to afford adequate deterrence to criminal conduct; the need for the sentence to provide just punishment for the offense; the need to protect the public from further crimes of the defendant; and, the need to provide the defendant with needed training or other corrective treatment, we

///

believe a sentence of 27 months' imprisonment is reasonable. We ask the Court to impose it, to be followed by a three-year term of supervised release.

There are no counts to be dismissed

There is an appeal waiver.

Dated: November 19, 2026.

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

/s/ Scott Kerin

SCOTT M. KERIN, OSB # 965128
Assistant United States Attorney